UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

SANDRA VAZQUEZ,

    Plaintiff,

v.

THE HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

## THE HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

Defendant, THE HOME DEPOT U.S.A., INC., ("Home Depot"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Honorable Court the action filed in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-017538-CA-01 with full reservation of rights, exceptions, and defenses, and states in support thereof:

### I.    BACKGROUND

1. On or about August 25, 2020 Sandra Vazquez, ("Plaintiff"), commenced the instant action by filing a Complaint in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Complaint attached as **Exhibit "A."**

2. The Complaint was served on Home Depot on or about August 31, 2020. *See* Return of Service attached as **Exhibit "B."**

3. Plaintiff asserts generally that Home Depot maintained its premises in a negligent manner, resulting in Plaintiff's alleged incident. *See* **Ex. "A."**

4. The Complaint also generally alleges that this is an action for damages exceeding $30,000.00 exclusive of costs and interest. *Id.* at ¶ 1.

5. On January 22, 2020, Plaintiff provided their Demand with medical bills and records related to treatment Plaintiff received related to the subject incident. Plaintiff's demand totaled One Hundred Thousand dollars and 00/100 cents ($100,000.00)[1].

6. This matter is removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

7. Home Depot attaches hereto, and makes a part of this notice, a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida together with a docket sheet from the Clerk of the Court. *See* State Court Filings attached as **Exhibit "C."**

8. Home Depot reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

9. In accordance with 28 U.S.C. § 1446(b)(3), Home Depot files this Notice of Removal within thirty (30) days of the date that the matter became removable.

10. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial Circuit Court in and for

---

[1] The medical records and demand referenced are not attached to this Motion to prevent any sensitive medical information from entering the public domain. These records will be made available to the Court upon request.

Miami-Dade County is located in the City of Miami, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

14. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A. Citizenship of HOME DEPOT U.S.A., INC.

15. Home Depot U.S.A., Inc. is a foreign limited partnership which is, and was at the time the above captioned case was filed in State Court, a "resident" of Georgia and Delaware.

16. Home Depot U.S.A., Inc. is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.

17. Home Depot U.S.A., Inc., at the time the Complaint was filed and currently, is a corporation that lawfully does business in numerous states but was not, and is not, incorporated in any state other than the State of Delaware.

18. The principal place of business for Home Depot U.S.A., Inc. is, and was at the time of filing the Complaint, Atlanta, Georgia.

19. At no time material has Home Depot U.S.A., Inc., or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, and Detail by Entity Name attached as **Exhibit "D."**

### B.     Citizenship of the Plaintiff, Sandra Vazquez

20.    Plaintiff, Sandra Vazquez, was at all times material to this action a resident of Miami-Dade County, Florida. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

21.    Here, Plaintiff alleges she is a resident of Miami-Dade County, Florida. *See* Ex. "A" at ¶ 3. Plaintiff's Miami-Dade County, Florida residence is prima facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

### IV.     AMOUNT IN CONTROVERSY

22.    The amount in controversy in this lawsuit clearly exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's demand that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical records received from the plaintiff); *see also Alshakanbeh v. Food Lion, LLC,* No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746 at **7-8 (M.D. Fla. March 23, 2007) (Used past and future medical costs to determine the amount in controversy exceeded $75,000.00); *Mirras v. Time*

*Insurance Co.*, 578 F.Supp.2d 1351 (M.D. Fla. 2008) (Considered past medical expenses to determine the amount in controversy)

23. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

24. Plaintiff's demand sufficiently and conclusively establishes by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's demand package. *Katz,* 2009 WL 1532129 at 4.

25. Accordingly, Home Depot has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V.    CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Upon filing of this Notice of Removal, Home Depot will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Defendant, HOME DEPOT U.S.A, INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number Case No.: 2020-017538-CA-01 be removed to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Home Depot is entitled.

Dated: September 29, 2020

Respectfully submitted,

*/s/Jennifer Miller Brooks*
Jennifer Miller, Esq.
Florida Bar No.: 12465
jmiller@hamiltonmillerlaw.com
Zachary Doniger, Esq.
Florida Bar No.: 1010218
zdoniger@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Defendant*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:    (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

*/s/ Jennifer Miller  Brooks*
Jennifer Miller

## SERVICE LIST

Nicholas A. DeMahy, Esq.
Florida Bar No.: 123790
Jose M. Francisco, P.A.
8660 W. Flagler Street
Suite #100
Miami, Florida 33144
Tel: (305) 649-2213 Ext. 1015
Email: litigationattorney1@jmflawyers.com
Attorneys for Plaintiff