"Exhibit A"

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.

SANDRA VAZQUEZ,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SANDRA VAZQUEZ, by and through her undersigned counsel, hereby sues Defendant, HOME DEPOT U.S.A., INC. ("HOME DEPOT"), and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars.

2. Venue is proper in Miami-Dade County, Florida.

3. At all times material hereto, the Plaintiff was and still is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

4. At all times material hereto, Defendant, HOME DEPOT, a Foreign Corporation, was authorized to do business in the State of Florida and doing business in Miami-Dade County, Florida.

5. At all times material hereto, HOME DEPOT owned, operated, maintained and/or controlled the premises located at 11305 S.W. 40th St., Miami, Florida (the "Premises").

6. On July 20, 2019, the Plaintiff was a business invitee at the Premises when she encountered a foreign substance on the floor causing her to fall and suffer injuries to her body and extremities due to the negligent manner in which the premise was maintained by the Defendant.

The negligent condition was known to or created by HOME DEPOT, or had existed for a sufficient length of time so HOME DEPOT should have known of it.

## COUNT I – NEGLIGENCE
## HOME DEPOT

7. Plaintiff re-alleges and readopts paragraphs one (1) through six (6) as if and as though fully set forth herein.

8. At all times material hereto, HOME DEPOT owed a duty to the Plaintiff to exercise reasonable care and to keep its premises in a reasonably safe condition for the safety of the public.

9. Notwithstanding said duty, HOME DEPOT breached the duty to maintain the premises in a reasonably safe condition by committing one or more of the following acts or omissions:

   a. Defendant, allowed a dangerous and defective condition to be created and\or to remain, to wit: a transitory substance on the floor that created a slip and fall hazard, and which was there for such a length of time that the Defendant knew or should have known that such condition existed;

   b. Defendant failed to warn Plaintiff of the dangerous condition;

   c. Defendant failed to inspect the subject area with reasonable frequency, when a reasonable inspection would have revealed the dangerous condition;

   d. Defendant failed to take appropriate measures to remedy the dangerous condition;

   e. The Defendant failed to implement proper safety measures to prevent injury to the Plaintiff, including but not limited to failing to provide sufficient floor inspection and/or cleaning policies in and for the walking areas;

   f. Defendant could reasonably anticipate that the dangerous condition would arise because it occurred with regularity.

10. As a direct and proximate result of the negligence of the Defendant, HOME DEPOT, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense and hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. These losses are either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment in the future.

*WHEREFORE,* the Plaintiff, SANDRA VAZQUEZ, demands judgment against the Defendant, HOME DEPOT, in excess of thirty thousand dollars ($30,000.00), plus costs allowed by law, and demands a trial by jury on all issues so triable.

JOSE M. FRANCISCO, P.A.
Attorneys for Plaintiff
8660 W. Flagler Street
Suite 100
Miami, FL 33144
Tel: (305) 649-2213 Ext. 1015
Email: litigationattorney1@jmflawyers.com
litigationsec1@jmflawyers.com

By: /s/ Nicholas A. DeMahy
NICHOLAS A. DEMAHY
Florida Bar No.: 123790