UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-23975-GAYLES/OTAZO-REYES

SANDRA VAZQUEZ,

      Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand Cause of Action

(the "Motion") [ECF No. 8]. The Court has reviewed the Motion and the record and is otherwise

fully advised. For the reasons that follow, the Motion is granted.

On August 18, 2020, Plaintiff filed a one-count complaint for negligence against Defendant

in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. Plaintiff

alleges that she slipped on a foreign substance on the floor of Defendant's business establishment

and suffered injuries. On September 29, 2020, Defendant removed this action to federal court

based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), alleging that there is complete

diversity between the parties and that the amount in controversy exceeds $75,000, as represented

in a pre-suit demand letter. [ECF No. 1]. On October 22, 2020, Plaintiff filed the instant Motion,

which Defendant failed to timely respond to.

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove most civil

cases originally filed in state court to federal court if the federal court can properly exercise federal

question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole Cty., Fla.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003) (citation omitted). A plaintiff may file a motion to remand on the basis of lack of subject matter jurisdiction at any time, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Defendant as the removing party "bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) (citation omitted).

Here, Defendant failed to timely respond to the Motion. The Local Rules make clear that a party's failure to respond to a motion "no later than fourteen (14) days after filing and service of the motion . . . may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1); *see also James v. Wal-Mart Stores East, LP*, No. 18-CIV-81325, 2019 WL 124308, at *1 (S.D. Fla. Jan. 8, 2019) (granting by default motion for failure to respond pursuant to Local Rule 7.1(c)). "The Eleventh Circuit has stated that a 'party's failure to respond to any portion or claim in a motion indicates such portion, claim[,] or defense is unopposed." *Celebration Source, Inc. v. Aga Enters., LLC*, No. 17-CIV-61373, 2020 WL 3066449, at *1 (S.D. Fla. May 28, 2020) (quoting *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (per curiam)) (pending motions not responded to by the plaintiff and the defendant were deemed unopposed). Because Defendant failed to respond, and thus failed to establish that diversity jurisdiction exists, Plaintiff's Motion is granted.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion to Remand Cause of Action, [ECF No. 8], is **GRANTED**;

2.      All pending motions are **DENIED as moot**; and

3.      This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of November, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE